UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK H. BROWN                                     CIVIL ACTION

VERSUS                                                 NO. 10-4564

BOARD OF COMMISSIONERS,                                SECTION "C" (3)
PORT OF NEW ORLEANS

ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion for temporary restraining order. Having considered the record, the memorandum of counsel for the plaintiff and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff, Frederick H. Brown ("Brown") sues his employer, Board of Commissioners, Port of New Orleans ("Port") for racial discrimination and retaliation under 42 U.S.C. § 2000e. Brown seeks an injunction against the Port restraining them from continuing the plaintiff's suspension and proceeding with his termination.

Here, because the opposing party has received notice of this motion,"the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." *Id*. The requirements for a preliminary injunction under Rule 65 are mirrored in those

pertaining to a temporary restraining order.  A preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.  *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11A *Federal Practice & Procedure; Civil 2nd* §2951 (West).

Brown argues that his refusal to comply with a Port directive that he keep an office door closed are pretextual and in retaliation for previously filing charges with the EEOC.  He also argues that he is likely to suffer irreparable injury because he is an older employee and "will suffer irreparable lost earnings," because the Port is moving toward termination in state civil service proceedings while this lawsuit is pending and because his medical condition will be aggravated by the stress of prolonged suspension and termination.   Finally, Brown argues that equities tip in his favor and an injunction will allow him to "better vindicate his civil rights in a federal forum."   Rec. Doc. 30 at 16.

The Court finds that the plaintiff's motion fails as to all four factors required for injunctive relief.   Given the history provided by the Board for the ongoing civil service proceedings, the Court can not find that the plaintiff has a substantial likelihood of

success on the merits as to a claim for discrimination or retaliation.  In addition, the damages alleged are monetarily compensable and not irreparable.  The plaintiff's medical condition and stress may well continue because of the pendency of the federal proceedings even if an injunction was issued.  Finally, consideration of private and public interests do not weigh in favor of the extraordinary relief sought.

This order is directed only to the appropriateness of a temporary restraining order and preliminary injunction.  The Court does not express any opinion as to the appropriateness of any other relief sought by the plaintiff.

Accordingly,

IT IS ORDERED that the plaintiff's motion for temporary restraining order and/or preliminary injunction is DENIED.   Rec. Docs. 20, 30.

New Orleans, Louisiana, this 13th  day of September, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE